JS - 6     **LINKS: 1, 4**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-9545 GAF (JEMx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | Giovanna Somma et al v. Adrian Garcia et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

### ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

Plaintiffs Giovanna Somma, Roberto Somma, Vito Somma, & Gina Somma, individually and dba Somma Properties, filed this unlawful detainer action against Defendants Adrian Garcia and Does 1–10 in Los Angeles County Superior Court.  (Docket No. 1 [Not. of Removal ("Not.")], Ex. B [Compl.].)  Defendants removed the action to federal court, asserting jurisdiction pursuant to 28 U.S.C. § 1331.  (Not. ¶ 9.)  Defendants then filed a motion for a more definite statement requesting that Plaintiffs supplement their Complaint with "additional details."  (Docket No. 4 [Mot. for More Definite Statement ("Mot.")] at 2.)  However, because Defendants have failed to establish federal subject matter jurisdiction, the Court **REMANDS** the case to state court.  Defendants' Motion for a More Definite Statement is **DENIED as moot**.

### II.
### DISCUSSION

#### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th

JS - 6          LINKS: 1, 4

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-9545 GAF (JEMx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | Giovanna Somma et al v. Adrian Garcia et al | | |

Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States.  28 U.S.C. § 1441.  "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted).  Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)).  Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd., 463 U.S. at 28–29.  However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted).  "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint."  Id.

### B. APPLICATION

#### 1. FEDERAL QUESTION JURISDICTION

Defendant alleges that the Court has federal jurisdiction pursuant to 28 U.S.C. § 1331. (See Not. ¶ 9.)  It is undisputed, however, that Plaintiffs' Complaint does not explicitly plead a federal cause of action because "[a]n unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).   Nor is there any basis for finding that Plaintiffs engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise their claim as one arising under state law.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).

JS - 6          LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9545 GAF (JEMx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | Giovanna Somma et al v. Adrian Garcia et al | | |

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law.  See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").  Accordingly, the Court determines that it does not have federal question jurisdiction over this case.

### 2. DIVERSITY JURISDICTION

Defendants also allege that this action "is one which may be removed to this Court by Defendant Adrian H. Garcia pursuant to the provisions of 28 USC Sec. 1441 (b) in that it arises under 11 USC Sec. 524."  (Not. ¶ 9.)  The Court assumes Defendants intend to allege diversity jurisdiction pursuant to 28 U.S.C. 1332 by their reference to 28 U.S.C. § 1441(b), which provides, in relevant part, that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  However, nowhere in the Complaint or Notice of Removal do either of the parties allege that they are citizens of different states.  Furthermore, neither the Complaint nor the Notice of Removal alleges that the amount in controversy exceeds $75,000.  And in fact, the Complaint alleges that the amount in question "does not exceed $10,000."  (Compl. at 1.)  Accordingly, because Defendants have failed to allege diversity of citizenship and the requisite amount in controversy, diversity jurisdiction is lacking in this case.

### 3. BANKRUPTCY JURISDICTION

Finally, the Court assumes Defendants' allegation that jurisdiction is proper in this case because it "arises under 11 USC Sec. 524" is intended to assert federal bankruptcy jurisdiction. (Not. ¶ 9.)  Under 28 U.S.C. § 1334, "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  28 U.S.C. § 1334(a)(1).  Defendants allegation that "[a] bankruptcy case concerning Defendant [Adrian Garcia] was originally filed in US bankruptcy Court" and that Defendants "listed Plaintiff [sic] as a creditor" in that action.  (Not. ¶¶ 4–5.) However, this unlawful detainer action, which arises under state law, plainly is not a "case[] under title 11" and Plaintiffs' alleged status creditors in Mr. Garcia's bankruptcy does not transform the unlawful detainer action into a bankruptcy case.  Id.

JS - 6          **LINKS: 1, 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9545 GAF (JEMx) | Date | November 26, 2012 |
|----------|------------------------|------|-------------------|
| Title | Giovanna Somma et al v. Adrian Garcia et al | | |

**III.**
**CONCLUSION**

For the foregoing reasons, Defendants have not established that federal subject matter jurisdiction exists in this case.  Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court.  Defendants' Motion for a More Definite Statement is **DENIED as moot**.  The hearing scheduled for December 10, 2012 is **VACATED.**

**IT IS SO ORDERED.**